

**ORDERED in the Southern District of Florida on January 12, 2015.**

**John K. Olson, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

KENNETH J. SCHAEFER, Jr.                Case No. 14-27431-JKO
MARIA AGUDELO-SCHAEFER,          Chapter 7

           Debtor(s).

_____/

**ORDER GRANTING**
**TRUSTEE'S MOTION FOR AN ORDER (I) AUTHORIZING THE SALE OF 544 SW**
**183RD WAY, PEMBROKE PINES, FL 33029, FREE OF LIENS, CLAIMS**
**ENCUMBRANCES OR INTERESTS PURSUANT TO 11 U.S.C. §363; (II)**
**APPROVING CONTRACT OF SALE; (III) APPROVING FORM AND MANNER**
**OF NOTICE; AND (IV) APPROVING SURCHARGE OF COLLATERAL**

THIS CAUSE came on before the Court on January 8, 2015, at 9:30 a.m. (the

***"Hearing"***) upon the *Trustee's Motion for an Order (I) Authorizing the Sale of 544 SW 183rd*

*Way, Pembroke Pines, FL 33029, Free of Liens, Claims Encumbrances or Interests Pursuant to*

*11 U.S.C. §363; (II) Approving Contract of Sale; (III) Approving Form and Manner of Notice;*

*and (IV) Approving Surcharge of Collateral* [ECF No. 34] (the ***"Motion"***).  The Court, having

1

reviewed the Motion, having noted that no objections were filed, finding that notice is sufficient to comply with Fed. R. Bankr. P. 2002(a)(2), Local Rules 9013-1(D) and 6004-1 and any other applicable notice requirement, and having heard the arguments of counsel, having determined that the relief requested in the Motion is in the best interest of the estate and appropriate under the circumstances, it is

FOUND and HELD that:

1.     Based on its review of the certificates of service of the Motion and the notice of hearing on the Motion, the Court finds that proper, timely, adequate, and sufficient notice of the Motion and the sale has been provided in accordance with 11 U.S.C. § 102(1) and Fed.R. Bankr. P. 2002 and 6004. Specifically, the Court notes that JP Morgan Chase, N.A., the mortgage of which the Trustee seeks to (1) sell the property at issue free and clear pursuant to 11 U.S.C. § 363(f) and (2) surcharge, was served via certified mail, consistent with Fed. R. Bankr. P. 7004, but did not file an objection or response to the Motion.

2.     Notice of the Motion and the Hearing is sufficient notice of the sale pursuant to Fed. R. Bankr. P. 6004.

3.     A reasonable opportunity to object or to be heard by all parties in interest with respect to the relief requested in the Motion has been afforded to all known interested persons, and the Court finds that no requests to be heard or objections to the Motion were filed or made at the hearing.

4.     The transaction described in the Motion and authorized by this final sale order reflects the proper exercise of the Trustee's sound business judgment, and constitutes a proper exercise of the Trustee's fiduciary duties.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/8701/8701-1/01556390.DOCX.}

5.      Approval of the transaction contemplated in the Motion is in the best interests of the Estate. Good and sufficient business justification for consummating the proposed sale pursuant to 11 U.S.C. § 363 has been established in that, among other things: the sale process conducted by the Trustee has been fair, open and reasonable, and it has given all known parties-in-interest the opportunity to submit higher and better offers.

6.      The Court finds that, upon, the Trustee's uncontradicted representations that:

   i.      that the property to be sold is being sold for $320,000.00;

   ii.     the sum of the aggregate value of all liens is less than $320,000.00; and

   iii.    that the buyer, IH5 Property, Florida, LP has no connection to the Debtors, the Trustee, the property to be sold, or any other party, and that IH5 Property, Florida, LP is entitled to the protections afforded pursuant to 11 U.S.C. § 363(m).

7.      Thus, the Court finds that the sale satisfies the requirements of 11 U.S.C. § 363(f)(3).

8.      Additionally, based on the uncontradicted representations of the Trustee, the Court finds that the Trustee has incurred expenses of at least $31,000.00 in selling the property, and that (a) the expenditure was necessary; (b) the amount expended was reasonable; and (c) JP Morgan Chase, N.A. benefited from the expenditure by at least $31,000.00.

It is therefore ORDERED as follows:

A.      The Motion is **GRANTED**.

B.      The Trustee is authorized to sell (the **_"Sale"_**) the property, more particularly described as

**Property Address**:

544 SW 183rd Way, Pembroke Pines, FL 33029

3

**Legal Description:**

LOT 27, of SILVER LAKES AT PEMBROKE PINES PHASE II RESIDENTIAL PARCEL L, according to the Plat thereof as recorded in Plat Book 153, Page 13, of the Public Records of Broward County, Florida

(the *"Property"*), as set forth in the Motion.

     C.     The Sale shall be pursuant to the terms of the *"AS IS" Residential Contract for Sale and Purchase* (the *"Contract"*) attached to the Motion as **Exhibit A**, which is approved in all respects.

     D.     The Sale shall be free and clear of all liens and encumbrances (with all liens to attach to the proceeds), including, without limitation:

     i.     The interest recorded in favor of Washington Mutual Bank, FA, a federal association recorded in Official Records Book 41648, Page 1055; together with Modification of Mortgage recorded in Official Records Book 44882, Page 1727, which Mortgage is now held by JPMorgan Chase Bank, National Association, its successors or assigns, by virtue of Assignment(s) of Mortgage recorded in Official Records Book 49638, Page 10. (the *"JPMC Lien"*)

     ii.     The interest embodied in Lis Pendens filed in case styled JPMorgan Chase Bank, National Association vs. Kenneth J. Schaefer, Jr. and Maria Schaefer, et al., Case No. CACE13026371, and recorded in Official Records Book 50377, page 508 (the *"JPMC Lis Pendens"*), together with the Summary Final Judgment of Foreclosure recorded in Official Records Book 50690, page 1785 (the *"JPMC Judgment"*).

     iii.     The lien set forth in Claim of Lien, in favor of Silverlakes Community Association, Inc., recorded in Official Records Book 47467, Page 715.

     iv.     The lien set forth in the Claim of Lien in favor of Coconut Cove Recreation Association, Inc., recorded in Official Records Book 47467, Page 764.

     v.     Any interest, lien or encumbrance claimed or asserted by (including without limitation) JP Morgan Chase, N.A., Coconut Cove Recreation Assoc., Inc., Silverlakes Community Assoc., Inc., the County of Broward County, Florida, the Florida Department of Revenue, or the City of Pembroke Pines, Florida.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/8701/8701-1/01556390.DOCX.}

E.      At the closing of the Sale, the Trustee may satisfy any liens which are undisputed, or the undisputed amount of any such liens. Any disputed portion of any lien shall not be distributed absent further order of the Court, and shall be maintained by the Trustee until such time.

F.      The JPMC Lien is SURCHARGED $31,000.00 pursuant to 11 U.S.C. § 506(c).

G.      Pursuant to JPMC Judgment, JPMC is entitled to $260,665.90, plus post-judgment interest in the amount of $10,306.73 (through January 31, 2015), minus a surcharge in the amount of $31,000.00 pursuant to 11 U.S.C. § 506(c). Thus, the JPMC Lien is fully satisfied by the payment of $239,972.63 at closing,

H.      The reversal or modification on appeal of this sale shall not affect the validity of a sale IH5 Property Florida, LP, who has purchased such property in good faith, unless the sale is stayed pending appeal.

I.      Upon the occurrence of the closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Property, and/or a bill of sale or assignment transferring indefeasible title and interest in the Property to IH5 Property Florida, LP.

J.      Following the closing, no holder of any lien and/or encumbrance on the Property may interfere with IH5 Property Florida, LP's use and enjoyment of the Property based on or related to such lien and encumbrance, and no interested party may take any action to prevent, interfere with or otherwise enjoin consummation of the transactions authorized herein.

K.      The provisions of this Order authorizing the sale of the Property free and clear of liens and encumbrances shall be self-executing, and neither the Debtors, the Trustee, nor IH5 Property Florida, LP shall be required to execute or file releases, termination statements,

assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.

       L.     At closing, the Trustee is authorized to pay any commissions due to any brokers, so long as such amount does not exceed the amount authorized by this Court pursuant to its order authorizing the retention of Michael Mehdipour [ECF 19], and the Trustee may also reimburse Mr. Mehdipour for any expenses advanced, so long as such advances do not exceed $500.00.

       M.     The Court reserves jurisdiction to interpret or enforce the provisions of this Order.

       ###

**Submitted By:**
Lawrence E. Pecan, Esquire
Fla. Bar No: 99086
LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Trustee, Kenneth A. Welt*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:    (305) 358-6363
Telefax:      (305) 358-1221

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.