UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

KENNETH J. SCHAEFER, Jr.                                  Case No. 14-27431-JKO
MARIA AGUDELO-SCHAEFER,                                   Chapter 7

        Debtor(s).
_____/

## TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
## PAYMENT TO JP MORGAN CHASE, NA

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) of the bankruptcy estate of KENNETH J. SCHAEFER, Jr. and MARIA AGUDELO-SCHAEFER (the *"Debtors"*), hereby requests entry of an Order authorizing payment of sale proceeds to JP Morgan Chase as payment on its secured claim, and states as follows:

### BACKGROUND

1.    On July 31, 2014 (the *"Petition Date"*), the Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Subsequently, the Trustee was duly appointed Chapter 7 Trustee.

2.    As of the Petition Date, the Debtors were the record owner of

    **Property Address**:

    544 SW 183rd Way, Pembroke Pines, FL 33029

    **Legal Description:**

    LOT 27, of SILVER LAKES AT PEMBROKE PINES PHASE II RESIDENTIAL PARCEL L, according to the Plat thereof as recorded in Plat Book 153, Page 13, of the Public Records of Broward County, Florida

1

(the *"Property"*)

3. The Property was listed as an asset on the Debtors' Schedule A. The Debtors own the Property as husband and wife, but did not claim the Property as exempt. Therefore, the Property was property of the estate.

4. The Property was encumbered by a first-mortgage lien (the *"Chase Lien"*) of JP Morgan Chase, N.A. (*"JPMC"*)**.** The Chase Lien was reduced to a Consent Final Judgment of Foreclosure (the *"Foreclosure Judgment"*) on or about April 8, 2014. Prior to the foreclosure sale, the Debtors filed the petition, staying the sale. Pursuant to the Foreclosure Judgment, JPMC was owed $260,665.90, plus post-judgment interest from the entry of the Foreclosure Judgment.

5. On August 19, 2014, the Court entered orders permitting the Trustee to solicit offers for the purchase of the Property and authorizing the retention of Michael Mehdipour (the *"Broker"*) as real estate broker to the estate. [ECF Nos. 18 & 19].

6. The Broker marketed the Property, ultimately leading to the offer of IH5 Property Florida, LP (*"IH5"*) to purchase the Property for $320,000.00 (the *"IH5 Offer"*). The IH5 Offer exceeded the total amount of the encumbrances which encumber the Property.

7. On December 5, 2014, the Trustee filed the *Trustee's Motion For An Order (i) Authorizing the Sale of 544 SW 183rd Way, Pembroke Pines, FL 33029, Free of Liens, Claims Encumbrances or Interests Pursuant to 11 U.S.C. §363; (ii) Approving Contract of Sale; (iii) Approving Form and Manner of Notice; and (iv) Approving Surcharge of Collateral* [ECF No. 34] (the *"Sale and Surcharge Motion"*).

8. The Trustee made multiple attempts to contact JPMC to discuss a consensual resolution to the surcharge issue, both directly and through their state court counsel. JPMC was

served pursuant to Fed.R.Bankr.P. 7004(h). Despite all this, JPMC would neither return the Trustee's calls nor did it respond to the Sale and Surcharge Motion.

9. Accordingly, following the Trustee's proffer, the Court entered an Order granting the Sale and Surcharge Motion. [ECF No. 39] (the *"Sale and Surcharge Order"*). JPMC did not appear. Pursuant to the Sale and Surcharge Order, the Court held that the Property could be sold free and clear of the Chase Lien, and held that:

> F. The JPMC Lien is SURCHARGED $31,000.00 pursuant to 11 U.S.C. § 506(c).
>
> G. Pursuant to JPMC Judgment, JPMC is entitled to $260,665.90, plus post-judgment interest in the amount of $10,306.73 (through January 31, 2015), minus a surcharge in the amount of $31,000.00 pursuant to 11 U.S.C. § 506(c). Thus, the JPMC Lien is fully satisfied by the payment of $239,972.63 at closing,

10. JPMC was served with the Sale and Surcharge Order consistent with Rule 7004(h). *See* [ECF 40]. JPMC did not move for reconsideration or appeal of the Sale and Surcharge Order.

11. The closing was held on January 30, 2015, and the closing was effected by the buyer's closing agent, Trident Title LLC. At closing, pursuant to paragraph (G) of the Sale and Surcharge Order, which was final and non-appealable at the time, Trident Title LLC sent $239,972.63 to JPMC's payoff address (the *"JPMC Payment"*).

12. On or about February 20, 2015, JPMC rejected the JPMC Payment, and returned it to Trident Title LLC, as JPMC asserted that it disagreed with the payoff amount. Since February 20, 2015, both the Trustee and Trident Title LLC have made not less than six attempts to explain to JPMC that the amount to be paid was fixed by the surcharge. JPMC has been almost completely nonresponsive.

3

13. Since that time, the funds have been held by Trident Title LLC. The Trustee hoped that JPMC would file a proof of claim prior to the deadline, and the effect of the Sale and Surcharge Order could be memorialized through the claims process. JPMC did not timely file a proof of claim. Accordingly, on May 18, 2015, the Trustee filed a proof of claim for JPMC pursuant to Fed.R.Bankr.P. 3004. *See* Claim No. 10-1.

14. In order to deal with the $239,972.63 held by Trident Title LLC, the Trustee has been forced to file this motion. The Trustee simply seeks relief from the Court to effect the relief already authorized in the Sale and Surcharge Order. But JPMC's repeated ignorance of these proceedings and the orders of this Court have forced the Trustee to do so.

WHEREFORE, the Chapter 7 Trustee, Kenneth A. Welt, respectfully requests the entry of an Order (i) authorizing and directing Trident Title LLC to transfer the $239,972.63 to the Trustee's account held for the benefit of the Bankruptcy Estate; (ii) fixing JPMC's secured claim at $239,972.63; (iii) directing the Trustee to make payment of $239,972.36 to JPMC in conjunction with the final report, in full satisfaction of any claims JPMC may have against the Estate; and (iv) granting such other and further relief as is just and appropriate.

Dated: May 18, 2015.

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Fla. Bar No: 99086
LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for the Trustee*